UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

-vs-                                                              Case No.: 2:11-cr-97-FtM-99SPC

NEHEME DUCTANT

_____

**ORDER**

This matter comes before the Court on review of Neheme Ductant's Motion to Suppress Wiretap Evidence (Doc. #118) filed on February 8, 2012. The Court notes upon review that Defendant Ductant failed to include argument, supporting documents or evidence, and citations in support of all of his four alleged grounds for relief listed at pp. 2-3 of his Motion. Therefore, the Court will order that counsel for Defendant Ductant supplement the Motion to include this information. Counsel is advised that a motion to suppress must be sufficiently definite and specific to enable the court to conclude that a substantial claim is presented and hold a hearing. See United States v. Cooper, 203 F.3d 1279, 1284 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984) ("The concepts of due process do not require that a defendant who fails to make the fundamental allegations in his motion to suppress be afforded a pretrial hearing on his motion. Thus, we hold that, where a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion."); United States v. Howell, 231 F.3d 615, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.").

Accordingly, it is now

**ORDERED:**

Counsel for Defendant Neheme Ductant shall have up to and including **12:00 p.m. on March 6, 2012**, to supplement his Motion to Suppress Wiretap Evidence (Doc. #118) with argument, any supporting documents, and citations in support of all of his alleged grounds for relief listed on pp. 2-3 of his Motion. Failure to do so could result in the issue being resolved without the Court holding a hearing on the issue.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of March, 2012

*[Signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record