UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NEHEME DUCTANT,

     Petitioner,

v.                    Case No.: 2:16-cv-748-FtM-29NPM
                              Case No.: 2:11-cr-00097-FTM-29NPM

UNITED STATES OF AMERICA,

     Respondent.
_____/

## **OPINION AND ORDER**

This matter comes before the Court upon Petitioner Neheme Ductant's (Petitioner or Ductant) *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cr. Doc. #685; Cv. Doc. #1)[1] and a Memorandum in Support (Cr. Doc. #686; Cv. Doc. #2), both filed on October 3, 2016. The government filed a Response in Opposition (Cv. Doc. #8) on November 30, 2016, to which Petitioner filed a Response, Affidavit, and an Affidavit by his sister, Charice Vanessa Ductant, (Cv. Docs. #8; #11; #11-1; #11-2) on January 23, 2017. Petitioner raises two claims of ineffective assistance of counsel concerning the lack of plea negotiations with the government. For the reasons set forth below, Ductant's § 2255 motion is denied.

_____

[1] The Court will refer to the underlying criminal docket, 2:11-cr-00097-JES-NPM-2, as "Cr. Doc.," and will refer to the civil docket as "Cv. Doc."

**I.**

On September 28, 2011, a federal grand jury in Fort Myers, Florida returned a twelve-count Indictment (Cr. Doc. #3) charging Petitioner and nine co-defendants with various drug offenses. Count One charged that from about July 2010 through the date of the Indictment Petitioner and nine others conspired to manufacture, possess with intent to distribute, and distribute 28 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) and 846. (Id., pp. 1-2). Petitioner was also charged in Count Two with knowing and willful distribution of an unspecified quantity of crack cocaine on or about August 27, 2010, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Id., p. 2).

Petitioner was arrested on October 20, 2011, in Gainesville, Florida and made his initial appearance in the United States District Court for the Northern District of Florida, Gainesville Division that same day. (Cr. Docs. #48; #64). Petitioner temporarily waived a detention hearing and was removed to the Fort Myers Division of the Middle District of Florida. (Id.) On November 15, 2011, Petitioner was arraigned on the Indictment in Fort Myers, Florida. The Court appointed attorney Alan Kaufman ("Mr. Kaufman") to represent Petitioner. (Cr. Doc. #71). Petitioner pled not guilty to Counts One and Two of the Indictment, and an Order of detention was entered. (Cr. Docs. #71, 80).

On August 9, 2012, a federal grand jury returned a Superseding Indictment. (Cr. Doc. #249.) Count One charged Petitioner and six others with conspiracy to manufacture, possess with intent to distribute, and distribute 280 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) and 846. (<u>Id.</u>, pp. 1-2). The amended Count One expanded the time frame for the conspiracy to in or about 2009 through in or about October, 2012, increased the amount of crack cocaine charged from 28 grams to 280 grams or more, and removed three of the initial ten co-conspirators.[2] No changes were made to Count Two, which continued to charge Ductant with knowing and willful distribution of an unspecified quantity of crack cocaine on or about August 27, 2010 in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (<u>Id.</u>, p. 2). Ductant pled not guilty to the Superseding Indictment at an arraignment on August 13, 2012. (Cr. Doc. #258).

On August 21, 2012, the government moved to correct various clerical errors in the Superseding Indictment, including the ending date of the conspiracy in Count One. (Cr. Doc. #268). Petitioner and other defendants filed objections to the motion. (Cr. Docs. #278-81).

---

[2] The three co-conspirators who were not named in the Superseding Indictment had agreed to plead guilty to various counts of the original Indictment, as discussed in more detail later.

On September 5, 2012, a federal grand jury returned a Second Superseding Indictment which made the corrections the government had previously sought to make by motion. (Cr. Doc. #282). Ductant pled not guilty to the Second Superseding Indictment on September 10, 2012. (Cr. Doc. #296).

The Court conducted an eleven-day jury trial. The Court adopts the factual summary of the trial evidence as set forth by the Eleventh Circuit Court of Appeals. (Cr. Doc. #627, pp. 2-11.) On October 5, 2012, the jury returned verdicts finding Ductant guilty of Counts One and Two. (Cr. Doc. #383, pp. 2, 4). As to Count One, the jury found that the amount of cocaine base involved in the conspiracy was more than 280 grams. (Id., p. 3). Petitioner filed a Motion For Judgment of Acquittal Notwithstanding the Verdict or in the Alternative, for a New Trial (Cr. Doc. #387), which the Court denied on October 31, 2012. (Cr. Doc. #409).

The Court granted Petitioner's motions to continue the sentencing hearing and to extend the time to file objections to the Presentence Report. (Cr. Docs. # 432-36). On February 15, 2013, defense counsel filed Objections to Pre-Sentence Investigation Report (Cr. Doc. #464); on March 20, 2013, defense counsel filed a Motion for Downward Departure Based on Inadequacy of Criminal History Category, Sentencing Guideline § 4A1.3(b) (Cr. Doc. #478); and on March 23, 2013, defense counsel filed a

Sentencing Memorandum requesting a sentence of 15 years imprisonment. (Cr. Doc. #479).

On March 25, 2013, the Court sentenced Ductant to a term of 292 months imprisonment as to Count One and 240 months imprisonment as to Count Two, to be served concurrently with each other and with Ductant's then-pending state court case in Palm Beach County, Florida (Case No. 07-MM-9156). (Cr. Docs. #480, #483, p. 2). The undersigned also imposed a term of 60 months supervised release as to Count One and 36 months of supervised release as to Count Two, to be served concurrently. (Id., p. 3).

Ductant filed a Notice of Appeal on March 31, 2013. (Cr. Doc. #486). Mr. Kaufman continued to represent Ductant on direct appeal, raising the following five issues: (1) petitioner was denied the right to a fair trial based upon the dismissal of Juror No. 8; (2) the District Court erred by failing to make an individual finding as to the foreseeable drug quantity attributable to petitioner at sentencing; (3) the District Court erred by denying petitioner's motion to suppress the interception of wire communication because the government failed to meet its burden of proving "necessity" under 18 U.S.C. § 2518(1)(c); (4) the District Court erred in granting the government's motion to prohibit Ductant from impeaching Detective Jennifer Torres at trial; and (5) petitioner's sentence was unreasonable given the factors in 18 U.S.C. § 3553(a). (See Appellant's Br., United

States v. Hyppolite, 13-10471 (11th Cir. Nov. 25, 2013)).  On June

25, 2015, the Eleventh Circuit affirmed Petitioner's convictions

and sentences.  See United States v. Hyppolite, 609 F. App'x 597

(11th Cir. 2015).  Thereafter, Ductant petitioned for a writ of

certiorari, which the Supreme Court of the United States denied on

November 5, 2015.  See Ductant v. United States, 136 S. Ct. 426

(2015).

On July 16, 2015, Ductant filed a motion to reduce his

sentence pursuant to Amendment 782 of the United States Sentencing

Guidelines.  (Cr. Doc. #629).  The United States Probation Office

filed a Memorandum which found Petitioner eligible for such a

reduction and recalculated the Sentencing Guidelines range (Cr.

Doc. #634), which the Court adopted.  (Cr. Doc. #693).  Ductant's

Total Offense Level was reduced by two levels, which resulted in

a Guidelines' range of 262 to 327 months.  (Id., p. 3).  The Court

granted Ductant's motion and reduced his term of imprisonment under

Count One to 262 months, or time served, whichever was greater, to

be served concurrently with his sentence in Count Two and his

sentence in the Palm Beach County case.  (Id., pp. 3-4).

Ductant now seeks relief pursuant to 28 U.S.C. § 2255, raising

claims of ineffective assistance of his trial counsel.  The

government concedes that Ductant has timely filed his § 2255 motion

(Cv. Doc. #8, p. 4), and the Court agrees.

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. See Hinton v. Alabama, 571 U.S. 263, 272-73 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both *Strickland* prongs if the petitioner fails to satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is "simply reasonableness under prevailing professional norms" considering all the circumstances. Hinton, 571 U.S. at 273 (internal quotations and citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689;

see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (stating courts must look to the facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689-90.

To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. See Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); see also Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); see also Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

While "there is no constitutional right to plea bargain," Weatherford v. Bursey, 429 U.S. 545, 561 (1977), the Sixth Amendment's guarantee of effective assistance of counsel extends to the plea-bargaining process. Lafler v. Cooper, 566 U.S. 156, 162 (2012). Generally, defense counsel has a duty to communicate formal offers from the prosecution of a plea with terms and conditions that may be favorable to the accused, and failure to do so is deficient performance. See Missouri v. Frye, 566 U.S. 134, 145 (2012). If there is deficient performance, and the prejudice alleged is that defendant proceeded to trial instead of pleading

guilty, a criminal defendant must show a reasonable probability that, but for his counsel's errors: (1) a plea offer would have been presented to the court (i.e., accepted by the government and defendant); (2) the court would have accepted it; and (3) the defendant's conviction, sentence, or both would have been less severe under the offer's terms than it was under the judgment and sentence that he actually received. <u>Lafler</u>, 566 U.S. at 163-64; <u>Frye</u>, 566 U.S. at 149-50.

A district court shall hold an evidentiary hearing on a habeas corpus petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). A district court is not required to hold an evidentiary hearing where the petitioner's allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. <u>Aron v. United States</u>, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). To establish entitlement to an evidentiary hearing on a claim of ineffective assistance of counsel, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." <u>Hernandez v. United States</u>, 778 F.3d 1230, 1232-33 (11th Cir. 2015).

## A. Ineffective Assistance of Counsel Claims

### (1)  Plea Agreement to Original Indictment

Petitioner asserts that his attorney provided ineffective assistance of counsel by not consulting with him or initiating plea negotiations with the government while the original Indictment was pending.  Petitioner asserts that "at no time during the pendency of the first indictment some 11 months that he was never presented or consulted concerning a plea offer."  (Cv. Doc. #2, p. 6.)  Additionally, Petitioner asserts "[c]ounsel never inquired from the Petitioner his feelings concerning a plea given the overwhelming evidence that the Government was proffering concerning his guilt of the charges levied against him" and "never addressed a plea offer" with Petitioner.  (Id.)  Petitioner asserts this was unreasonable conduct which was prejudicial to him because the statutory penalties were less for the conspiracy charged in the original Indictment than for the conspiracy charged in the Superseding Indictment and he received more prison time compared to what he would have received had he pled guilty to the original Indictment.  (Cv. Doc. #2, pp. 3-7).  The Court accepts, for purposes of this motion, Petitioner's factual assertions that he questioned his attorney about the amount of prison time he was facing and the evidence against him, but "no plea was ever

presented, advised, or sought based on counsels [sic] actions."
(Cv. Doc. #2, pp. 6-7.)

Petitioner faced the charges in the original Indictment (Cr. Doc. #3) for almost ten months, from the date of his arrest on October 20, 2011, until the Indictment was superseded on August 9, 2012. Mr. Kaufman was appointed to represent Petitioner on November 15, 2011, after Petitioner was returned to the Middle District of Florida, so counsel was involved in the case for less than nine months before the original Indictment was superseded.

Petitioner is correct that the statutory imprisonment penalty for the conspiracy count was lower in the original Indictment than in the Superseding Indictment. Count One of the original Indictment charged a conspiracy involving 28 grams or more of crack cocaine, and therefore carried a maximum statutory penalty of a mandatory minimum of 5 years imprisonment to a maximum of 40 years imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii). Count Two charged distribution of an unspecified amount of crack cocaine, and therefore carried no mandatory minimum sentence and a maximum sentence of 20 years imprisonment. 21 U.S.C. § 841(b)(1)(C). The Superseding Indictment (Cr. Doc. #249) did not change Count Two, but amended Count One to allege, *inter alia*, that the conspiracy involved 280 grams or more of crack cocaine. This resulted in a mandatory minimum sentence of 10 years imprisonment up to life imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii).

It is undisputed that at no time during the proceedings, including the time frame when the original Indictment was pending, did the government make a plea offer to Petitioner. (Cv. Docs. #8, p. 10; #11, p. 2). The United States Supreme Court has long recognized that "there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial." Weatherford, 429 U.S. at 561; see also Frye, 566 U.S. at 148; Lafler, 566 U.S. at 168. By all accounts, that is what the government did regarding petitioner in this case. "[A] defendant has no right to be offered a plea[.]" Missouri v. Frye, 566 U.S. 134, 148 (2012) (citing Weatherford v. Bursey, 429 U.S. 545, 561 (1977)). Thus, the government's decision did not violate any of Petitioner's rights or render his attorney ineffective.

Petitioner argues, however, that his attorney's performance was deficient because he failed to initiate plea negotiations with the government during the pre-Superseding Indictment time frame. The record demonstrates that Mr. Kaufman's representation of Petitioner before the return of the Superseding Indictment was clearly reasonable even if there was no discussion of a plea agreement.

After Mr. Kaufman was appointed on November 15, 2011, he received a great deal of discovery from the government, including over 900 pages of documents, videos, jail telephone call recordings, electronic intercept records, and search warrants.

(Cr. Doc. #85-1.)  On February 3, 2012, Mr. Kaufman filed a major motion to suppress electronic interceptions (Cr. Doc. #118), for which there was extensive briefing and an evidentiary hearing before the magistrate judge on March 7 and 8, 2012. (Cr. Docs. #191-92).  Mr. Kaufman also filed objections to the resulting Report and Recommendation. (Cr. Docs. #207.)  The District Court ultimately adopted the Report and Recommendation and denied the motion to suppress (Cr. Doc. #222) on May 15, 2012.  On August 6, 2012, Mr. Kaufman petitioned the Court for extra investigative resources, stating he had retained a private investigator who had exhausted the amount of funds available, and that additional funds for the services of an investigator was essential given the scope of the case.  (Cr. Doc. #244).  This motion was granted on August 8, 2012.  (Cr. Doc. #245).  The Superseding Indictment was filed on August 9, 2012.  (Cr. Doc. #249).

Petitioner only makes a conclusory statement that "the Government and the Petitioner could have resolved this case to their satisfaction . . ." (Cv. Doc. #2, pp. 7-8), but never states what plea bargain he would have accepted.  The record is undisputed that the government never made a plea offer to Petitioner, and the government's offers to co-defendants demonstrate the type of agreement petitioner has never suggested he was willing to accept.

While the proceedings with Mr. Kaufman were taking place in court, three of the defendants reached plea agreements with the

government to plead guilty to charges in the original Indictment. The record establishes, however, that no defendant was allowed a plea agreement as lenient as Petitioner implies his attorney should have solicited and obtained for him.

Defendants Jennifer Nicole Sander (Sander), Rashid Francois (Francois), and Michael Dupin (Dupin) entered into plea agreements relating to charges in the original Indictment.  All of these defendants pled guilty to all counts in which they were charged, and all had their statutory sentences enhanced if they qualified under the statute.

Sander pled guilty to both the conspiracy count and to one substantive count of the original Indictment, which were the only counts in which she was charged.  (Cr. Docs. #196, 219-21).  The government filed a Notice under 21 U.S.C. § 851 based upon Sander's prior felony drug convictions (Cr. Doc. #198), which increased the statutory penalties for the conspiracy to a mandatory ten years imprisonment to life imprisonment, and thirty years imprisonment for the substantive offense.  Sander's Plea Agreement required her to cooperate with the government and to testify at trial, which she did. (Cr. Doc. #491).

Francois was already serving a state sentence, and pled guilty to the conspiracy charged in Count One of the original Indictment (Cr. Docs. #229-32), the only count in which he was charged.  The government also filed a Notice under 21 U.S.C. § 851 based upon

his prior felony drug convictions (Cr. Doc. # 203), which increased the statutory penalties for the conspiracy to a mandatory ten years imprisonment to life imprisonment.

Dupin was required to sign a cooperation Plea Agreement and pled guilty to the conspiracy charge and one substantive count (Cr. Docs. #247, 265, 269), the only counts in which he was named. The statutory penalties for the conspiracy to a mandatory five years imprisonment to forty years imprisonment, and twenty years imprisonment for the substantive offense.  Dupin testified as a government witness at trial.  (Cr. Doc. #496).

Petitioner was not in a similar situation to any of these defendants.  Petitioner was not already serving a state prison term, like Francois.  Petitioner has never asserted he was willing to cooperate with the government and testify at trial, like Sander and Dupin.  Indeed, Petitioner has never stated just what plea agreement he believes his attorney was constitutionally required to solicit or obtain, or that he would have pled to any agreement consistent with those offered other defendants in the pre-Superseding Indictment stage.

It is exclusively a criminal defendant's decision about whether he will go to trial or accept a plea offer.  Petitioner has equivocated on whether he would have pled guilty.  At one point, Petitioner says he never desired to go to trial and requested counsel's efforts to obtain a plea deal.  (Cv. Doc. #11-

1, p. 3). Then, Petitioner states he "*enquired* [sic] into a plea[,]" and "requested counsel Alan Kaufman *consider* a plea." (emphasis added). (Cv. Docs. #11, p. 4; #11-1, p. 3). Petitioner has not shown a reasonable probability that he would have entered into a plea agreement if one had been solicited by his attorney and offered by the government. See Rosin v. United States, 786 F.3d 873, 878 (11th Cir. 2015)("Thus, because Rosin did not allege that he would have accepted a guilty plea and abstained from proceeding to trial but for the alleged errors of his trial counsel, Rosin has failed to show that the alleged errors prejudiced him.")

Petitioner also claims that, given the overwhelming evidence against him, trial counsel should have advised him to plead guilty to the initial Indictment. (Cv. Doc. #2, pp. 6-7). Because it is undisputed that the government did not extend a plea offer to Ductant, this appears to be a claim that counsel was required to advise Petitioner to plead guilty to both counts without a plea agreement. As the record demonstrates, Mr. Kaufman was still challenging the evidence and obtaining an investigator to further review the evidence when the Superseding Indictment was filed. The failure to advise a plea to both counts at that time was reasonable.

Even assuming defense counsel performed deficiently, the Court finds Ductant has failed to show prejudice. "To establish

prejudice based on ineffective assistance in deciding whether to plead guilty or go to trial, a defendant must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded guilty and would [not] have insisted on going to trial." Pericles v. United States, 567 F. App'x 776, 781-82 (11th Cir. 2014) (internal citation and quotation marks omitted). Petitioner has not demonstrated prejudice because he has not shown a reasonable probability he would have entered a guilty plea if counsel had advised him to plead guilty to the Indictment without the benefit of a plea agreement. Petitioner's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have" entered a straight plea without the benefit a plea agreement. Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991) (citation omitted) (rejecting defendant's claim he would have accepted a plea agreement when he had indicated no desire to plead guilty before his conviction). Petitioner's Presentence Investigation Report indicates Ductant had not demonstrated acceptance of responsibility at the time of sentencing, which is available even when there has been a trial. (Presentence Investigation Report, p. 13).

At most, Petitioner now implies he is culpable for the distribution charge under Count Two. (Cv. Doc. #2, p. 7). Petitioner does not, however, assert that he is responsible for

the conduct charged in Count One. Indeed, petitioner articulated his strategic goal was to avoid conviction of Count One. Thus, it was not unreasonable for counsel to fail to advise a partial plea. Considering all the above, the Court does not find there is a reasonable probability that, even if counsel performance was deficient, petitioner would have pleaded guilty and would have insisted on not going to trial.

### (2) Affirmative Mis-Information About Superseding Indictment Plea

Petitioner asserts counsel also provided ineffective assistance after the filing of the Superseding Indictment. Petitioner asserts that counsel affirmatively misadvised him by saying that he could not plead guilty to Count Two of the Superseding Indictment and thereby remove the testimony of the undercover police officer, the only credible witness who bought crack cocaine from him. Petitioner also suggests that counsel should have advised him to plead guilty to both counts, since that would have left the government without record support for the enhancements which were utilized and resulted in a Sentencing Guidelines reduction for acceptance of responsibility. (Cv. Docs. #1, p. 5; #2, pp. 8-11).

Because the government did not extend an offer to Petitioner, a guilty plea to Count Two would have continued to result in a trial as to Count One. Since the crack cocaine transaction in

Count Two was probative of petitioner's involvement in the Count One conspiracy offense, a guilty plea to Count Two would not have precluded the officer from testifying. Indeed, petitioner's admission of guilt would have itself been admissible as to the conspiracy offense.

Additionally, as noted above, petitioner never stated he would have pled guilty to Count One. Petitioner has not accepted any responsibility for his conduct under Count One, which would have made it unlikely this Court would have exercised its discretion to apply a reduction in acceptance of responsibility under U.S.S.G. § 3E1.1(a). The record does not reflect that Petitioner would have pled guilty to the Superseding Indictment without a plea agreement.

As to the sentencing enhancements, they would have been applicable whether Petitioner pled guilty or went to trial. Petitioner was given a role enhancement and a maintaining a drug premise enhancement after testimony of a witness at the sentencing hearing. (Cr. Doc. #504, pp. 23-25.) In light of the above, the Court finds Ductant fails to set forth a <u>Strickland</u> claim.

## B. Evidentiary Hearing and the Appointment of Counsel

The Court finds that the record establishes that Petitioner is not entitled to relief and, therefore, an evidentiary hearing is not required. Because Petitioner's motion for an evidentiary hearing is denied, appointment of counsel is not required under

Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Court. Petitioner is not otherwise entitled to appointment of counsel in this case. See Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006) (stating there is no Sixth Amendment right to counsel in post-conviction collateral proceedings); see also Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983) ("Counsel must be appointed for an indigent federal habeas Petitioner only when the interest of justice or due process so require."). Neither the interest of justice nor due process requires the appointment of counsel here.

Accordingly, it is now

**ORDERED:**

1. Petitioner Neheme Ductant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cr. Doc. #685; Cv. Doc. #1) is **DENIED.**

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell,

556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida this  21st  day of February, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


C: All Parties of Record