```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                            CASE NO: 2:11-cr-97-JES-NPM

NEHEME DUCTANT

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Compassionate Release Due to Extraordinary and Compelling Circumstances Pursuant to the First Step Act; and/or 18 U.S.C. 3582(c) (Doc. #838) filed on July 5, 2023. The government filed a Response (Doc. #840) on July 20, 2023.

**A. Procedural History**

On September 5, 2012, a grand jury returned a Second Superseding Indictment charging defendant and others with conspiracy to manufacture, possess with intent to distribute and to distribute 280 grams or more of crack cocaine. Defendant was also charged with distribution of cocaine (Count Two). (Doc. #282.) Defendant proceeded to trial and on October 5, 20212, a jury returned a Verdict of guilty on both counts. (Doc. #383.) On March 25, 2013, defendant was granted a downward departure and his criminal history category was reduced to a Category IV. (Doc. #482.) Defendant was sentenced to a term of 292 months of imprisonment as to Count One and 240 months as to Count Two, to be

served concurrently and concurrent with the pending Palm Beach County Case (No. 07-MM-9456). (Doc. #483.) The convictions and sentences were affirmed on appeal. (Doc. #627.)

On July 20, 2015, the Court appointed the Federal Public Defender to determine whether defendant qualified for a reduction in his sentence pursuant to Amendment 782 of the U.S. Sentencing Guidelines. (Doc. #630.) A Memorandum (Doc. #634) was issued by U.S. Probation indicating that defendant was eligible. (Doc. #634.) On December 6, 2016, the Court granted relief and reduced defendant's sentence to 262 months[1] on Count One to be served concurrently with the sentence in Count 2 and in Palm Beach County. (Doc. #693.) On June 12, 2020, the Court dismissed without prejudice a request for compassionate release finding it had no authority to order home confinement and a failure to exhaust with the Bureau of Prisons. (Doc. #764.) Defendant sought reconsideration of the request for compassionate release based on the presence of COVID-19, however the Court found no extraordinary or compelling reason to reduce defendant's sentence. (Doc. #780.) Defendant appealed the Order, and the Eleventh Circuit granted the government's motion for summary affirmance. (Doc. #806.)

---

[1] The applicable sentencing range is the guideline range before any departures or variances and thus the reduction was based on the original Criminal History Category V. (Doc. #693, p. 2.)

**B. Sentence Reduction**

Defendant argues that if the Court had used his reduced Criminal History Category of IV when reducing his sentence under Amendment 782, the resulting sentence would have been 235 months. "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined *before* consideration of any departure provision in the Guidelines Manual or any variance)." U.S. Sent'g Guidelines Manual (U.S.S.G.) § 1B1.10 cmt. n.1 (2018) (emphasis added). The Court had no authority to use the lowered criminal history category in applying a reduction under Amendment 782.

Defendant also argues that Concepcion applies to reduce his sentence. In Concepcion v. United States, 142 S. Ct. 2389, 2401-02 (2022), the Supreme Court stated that district courts may consider intervening changes of law in fact in exercising their discretion to reduce a sentence under the First Step Act. However, defendant was sentenced in 2013, after implementation of the Fair Sentencing Act of 2010, and therefore there is no applicable intervening change of law to support a reduction of defendant's sentence.

**C. Time Credit**

Defendant next argues that the First Step Act of 2018 provides time credit towards his sentence, pre-release custody, and supervised release. Defendant states that the Bureau of Prisons completed a risk assessment resulting in a medium classification based on a criminal history of category of V even though he was sentenced as a category IV. The government responds that an inmate's eligibility for time credit should be brought in the district court for the district in which defendant is in custody, i.e., Atlanta, Georgia.

Only the Bureau of Prisons, as the designated agent of the Attorney General, has the authority to determine the amount of credit a federal prisoner should receive or when a federal sentence begins. United States v. Wilson, 503 U.S. 329, 335-336 (1992); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990). After exhaustion of administrative appeals, "[a] claim for credit for time served is brought under 28 U.S.C. § 2241." United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). Section 2241 sets forth where such an application would be filed based on the location of custody. 28 U.S.C. § 2241(d). Defendant's dispute with the BOP's calculation of his earned time credits is not properly before this Court. This portion of the motion will be denied.

**D. Compassionate Release**

Defendant also seeks compassionate release based on his extraordinary post-offense rehabilitation and because he argues that he that poses no threat to society. The Court may not modify a term of imprisonment after it is imposed, except on motion after exhaustion of all administrative rights with the BOP, if it finds- "**(i)** extraordinary and compelling reasons warrant such a reduction …. and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1). The "applicable policy statements issued by the Sentencing Commission" are found in Section 1B1.13 of the U.S. Sentencing Guidelines Manual Application Notes. Section 1B1.13, Application Note 1 provides that extraordinary and compelling reasons exist based on the medical condition of defendant, the age of defendant, family circumstances, or as applicable here, "an extraordinary and compelling reason other than, or in combination with, the reasons described" herein. U.S.S.G. § 1B1.13 cmt. n.1. Defendant must also not be a danger to the safety of any other person or to the community. Id., §1B1.13(2). If there are such "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of

imprisonment after considering the applicable section 3553(a) factors.  United States v. Monaco, 832 F. App'x 626, 629 (11th Cir. 2020).

The "other reason" stated for extraordinary relief is the completion of various programs within the institution, a spiritual journey to discover himself, completion of his GED requirements, participation in drug abuse education, completion of a program to because a better father, certification as a mental health companion, a lack of major incident reports while incarcerated, and because he is not a threat and never used a firearm in connection with a crime of violence or a drug trafficking offense. Defendant's exhibits reflect the completion of 9 programs. And a medium risk recidivism level.  The government responds that the Unit Team, as of February 22, 2023, is recommending further enrollment in Fair Sentencing Act classes, and that a premature release would only undermine his progress.

While defendant's efforts for further education with an eye towards a successful release and potential career in real estate are commendable, the efforts are not extraordinary and compelling enough to support a reduction in sentence over all the other defendants who have also taken 'extraordinary' efforts towards rehabilitation.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion for Compassionate Release Due to Extraordinary and Compelling Circumstances Pursuant to the First Step Act; and/or 18 U.S.C. 3582(c) (Doc. #838) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __25th__ day of July 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 7 -