UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO: 2:11-cr-97-JES-NPM

NEHEME DUCTANT

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) (Doc. #845) filed on August 25, 2023. Defendant seeks reconsideration of the Court's August 3, 2023, Order (Doc. #844) because the Court denied an extension of time to file a reply finding that no reply was needed, and because he should be resentenced to a term of 235 months of imprisonment. No response has been filed and the time to respond has expired.

As a preliminary matter, defendant cites to Rule 7.1(c)(1), which is contained in the Southern District of Florida Local Rules and does not apply in the Middle District of Florida. In fact, the Middle District of Florida Local Rules specifically provides that there is no reply as a matter of right. M.D. Fla. R. 3.01(d). Therefore, the motion is denied on this issue.

Defendant also argues that reconsideration is appropriate because Concepcion v. United States, 142 S. Ct. 2389 (2022) requires it. In Concepcion, the Supreme Court stated that

district courts may consider intervening changes of law in fact in exercising their discretion to reduce a sentence under the First Step Act. "However, defendant was sentenced in 2013, after implementation of the Fair Sentencing Act of 2010, and therefore there is no applicable intervening change of law to support a reduction of defendant's sentence." United States v. Ductant, No. 2:11-CR-97-JES-NPM, 2023 WL 4736998, at *2 (M.D. Fla. July 25, 2023). "Concepcion did not change the analysis for determining whether a movant is eligible for a § 3582(c) sentence reduction." United States v. Williams, No. 22-13150, 2023 WL 4234185, at *4 (11th Cir. June 28, 2023).

Defendant argues that his criminal history category was reduced at the original sentencing and should have also been reduced when he was granted a reduction under Amendment 782 of the U.S. Sentencing Guidelines to his sentence. Defendant argues that the Court applied an incorrect and higher guideline range.

On December 6, 2016, the Court issued an Order (Doc. #693) granting a reducing of defendant's sentence from 292 months based on an Offense Level of 37 and a Criminal History Category of IV, (after departing down from V) to 262 months of imprisonment based on an Offense Level of 35 and the original Criminal History Category of V.

> To calculate the amended guideline range, the court substitutes only the retroactive changes, and keeps all other guideline

> findings made at the original sentencing hearing constant. See United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Here, Defendant is not entitled to a comparable reduction as the Court cannot reduce a term of imprisonment to a term less than the minimum of the amended guideline range under Amendment 782. See United States v. Colon, 707 F.3d 1255, 1260 (11th Cir. 2013) (discussing limitations imposed by Sentencing Guidelines Manual § 1B1.10(b)(2)).

(Id. at pp. 2-3.) When a sentencing range is subsequently lowered by the Sentencing Commissioner, the Court may reduce the term of imprisonment. 18 U.S.C. § 3582(c)(2). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing. 'In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.' § 1B1.10(b)(1)." Dillon v. United States, 560 U.S. 817, 827 (2010). Therefore, "eligibility for a sentence reduction is determined before considering the downward variance he received at sentencing." United States v. Hardiman, 646 F. App'x 852, 856

(11th Cir. 2016).  The request to reconsider reducing defendant's sentence with the downward variance is denied.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) (Doc. #845) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___26th___ day of September 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record